UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CLARENCE EVANS,<br><br>                Plaintiff. | 24-CV-0927 (LTS)<br><br>ORDER DIRECTING PAYMENT OF FEE OR IFP APPLICATION AND PRISONER AUTHORIZATION AND AMENDED COMPLAINT |

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff, who is currently incarcerated at Sullivan Correctional Facility, brings this action *pro se*. He submitted a letter requesting that the court provide him with information to "get a TRO." (ECF 1, at 1.) The Clerk's Office opened the letter as a new civil action.

      As set forth below, the Court directs Plaintiff to (1) either pay $350.00 in fees or submit an application to proceed *in forma pauperis* ("IFP") and a prisoner authorization; and (2) complete and sign the attached amended complaint form.

## DISCUSSION

**A.       Payment of Fees or Request to Waive Fees**

      To proceed with a civil action in this Court, a prisoner must either pay $405.00 in fees – a $350.00 filing fee plus a $55.00 administrative fee – or, to request authorization to proceed IFP, that is, without prepayment of fees, submit a signed IFP application and a prisoner authorization. *See* 28 U.S.C. §§ 1914, 1915. If the Court grants a prisoner's IFP application, the Prison Litigation Reform Act requires the Court to collect the $350.00 filing fee in installments deducted from the prisoner's account. *See* 28 U.S.C. § 1915(b)(1). A prisoner seeking to proceed in this Court without prepayment of fees must therefore authorize the Court to withdraw these payments from his account by filing a "prisoner authorization," which directs the facility where

the prisoner is incarcerated to deduct the $350.00 filing fee[1] from the prisoner's account in installments and to send to the Court certified copies of the prisoner's account statements for the past six months. *See* 28 U.S.C. § 1915(a)(2), (b).

Plaintiff submitted the complaint without the filing fees or a completed IFP application and prisoner authorization. Within thirty days of the date of this order, Plaintiff must either pay the $405.00 in fees or submit the attached IFP application and prisoner authorization forms. If Plaintiff submits the IFP application and prisoner authorization, they should be labeled with docket number 24-CV-0927 (LTS).[2]

**B.     The Court Directs Plaintiff to Submit an Amended Complaint**

Under Rule 3 of the Federal Rules of Civil Procedure, "[a] civil action is commenced by filing a complaint with the court." Fed. R. Civ. P. 3. Plaintiff has a submitted a letter to the court, which does not name the parties that he intends to sue. The Court therefore directs him to complete and sign the attached amended complaint form where he must name the defendants and state facts in support of each claim he intends to assert against each named defendant. If Plaintiff does not know the name of a defendant, he may list an individual as a John or Jane Doe Defendant and include description information. Finally, Plaintiff must describe the relief he is seeking.

## CONCLUSION

The Court directs Plaintiff to pay the $405.00 in fees or submit the attached IFP

---

[1] The $55.00 administrative fee for filing a civil action does not apply to persons granted IFP status under 28 U.S.C. § 1915.

[2] Plaintiff is cautioned that if a prisoner files an action that is dismissed as frivolous or for failing to state a claim, the dismissal is a "strike" under 28 U.S.C. § 1915(g). A prisoner who receives three "strikes" cannot file actions IFP as a prisoner, unless he is under imminent danger of serious physical injury, and must pay the filing fee at the time of filing any new action.

application and prisoner authorization, within 30 days of the date of this order. The Court also directs Plaintiff to complete and sign the attached Amended Complaint form and return it to the court with payment of the fees, or an IFP application and prisoner authorization.

No summons shall issue at this time. If Plaintiff complies with this order, the case shall be processed in accordance with the procedures of the Clerk's Office. If Plaintiff fails to comply with this order within the time allowed, the action will be dismissed.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

SO ORDERED.

Dated:   February 8, 2024
         New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge