UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CLARENCE EVANS,

                Plaintiff,

-against-

CO ATKINS, *et al.*,

                Defendants.

24-CV-0927 (CS)

ORDER OF SERVICE

CATHY SEIBEL, United States District Judge:

    Plaintiff, who is currently incarcerated at Sullivan Correctional Facility, brings this action *pro se*, asserting that Defendant Officer Atkins assaulted him and then issued a false misbehavior report.[1] He also alleges that the following officers, sergeants, lieutenants, and captains violated his rights following the alleged assault: Bell, Reed, Wilson, Demelo, Jordan, Hutchins, Barlow, Rodriguez, Sherman, and four John Doe officers.

    By order dated May 29, 2024, Chief Judge Swain granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. As set forth below, the Court (1) directs the Clerk of Court to effect service on Officer Atkins, Bell, Reed, Wilson, Demelo, Jordan, Rodriguez, and Sherman; (2) directs the New York State Attorney General to identify the four Doe defendants; (3) grants Plaintiff 60 days to file a second amended complaint to allege

---

[1] Plaintiff originally submitted a letter requesting that the court provide him with information to "get a TRO." (ECF 1, at 1.) The Clerk's Office opened the letter as a new civil action. By order dated February 8, 2024, the court directed Plaintiff to pay the fees or file an *in forma pauperis* ("IFP") application, and to file an amended complaint because the letter did not identify the defendants or provide sufficient facts. By order dated March 30, 2024, the court dismissed the action because Plaintiff did not respond to the February 8, 2024 order.

    Following this dismissal, Plaintiff contacted the court and indicated his intention to proceed with this matter. Accordingly, the court provided Plaintiff additional time to pay the fees or submit an IFP application. On April 16, 2024, Plaintiff filed an IFP application and an amended complaint. By order dated May 29, 2024, the court granted Plaintiff's IFP application.

facts in support of any claims he seeks to assert against Hutchins and Barlow; and (4) applies Local Civil Rule 33.2 to this case.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of

action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

The following facts are taken from the amended complaint.[2] On January 10, 2024, Plaintiff "was locking in E-North of Sullivan Corr. Fac. and was let out for evening chow which I said I did not want." (ECF 11, at 6) (cleaned up). Plaintiff explained to John Doe 1 "that I did not want chow . . . [and] he told me that he did not want no shit on his shift." (*Id.* at 8.) Plaintiff "told him he can leave my cell close so." (*Id.*) Therefore, "when [the cell door was] open I knew that Atkins and others was ready to assault us and [John Doe 1] allowed me to be assaulted by a[] next individual." (*Id.*) "CO Atkins John Doe 1 John Doe 2 was the floor officers that waited for me to get hurt bad." (*Id.*)

After exiting his cell – possibly when John Doe 1 first directed him to leave his cell – Plaintiff was approached by his "attacker," whom Plaintiff "grabbed and held . . . [until] the defendants/officers came over to the s[c]ene." (*Id.* at 6.) Officer Atkins then sprayed a chemical agent, without warning, in Plaintiff's face and eyes. Officers escorted Plaintiff to a medical until where he "was not treated right but was allowed to wash my face and eyes out from the spray." (*Id.*)

Following this incident, Atkins "wrote a fabricated report saying that I was throwing close fist punches which was a lie as all I did was hold my attacker." (*Id.*) Also following this incident, when Plaintiff returned

---

[2] The Court quotes from the amended complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

3

> from the hospital my cell been robbed[.] Sgt. Bell . . . [and] officers was talking to me [and] Sgt Bell told me that the staff is working on getting rid of the troublemakers as they cannot catch them all and that if someone was to do something to them she will turn her head and let it happen. Sgt Bell walked off I called for her the officer that replace John Doe 1 which then was in the hospital said she was doing paperwork.

(*Id.*) "John Doe 3 was the officer in the bubble controlling the cells and he allowed the boys to rob[] my cell by opening it up when he knew I was not in the blocks." (*Id.* at 8.)

Plaintiff then told Officer Demelo "'please let Sgt Bell know that I just found a weapon in my cell' [and] Demelo said 'what the fuck you just said you know you on [illegible].'" (*Id.* at 6.) Plaintiff then spoke with Wilson, who

> wrote the MBR [misbehavior report,] came to my cell and everything was being recorded he asked where was the weapon I pointed to it he told me to get it put it on the gate then sit down which I did few second he came back with 2 to 3 officers which I was then t[a]ken to Sgt Officer where Sgt Bell and Sgt Reed was with 7 other officers I frozen for fear short throw me for last time I was sodimized when I was alone with much officer[.] So I was mentally sick. Sgt Reed told me 'I did your intake right you been in long enough to know you should of flushed it as he will of did.' Sgt Bell started in saying 'you own people for turning in this weapon you hiding you trying to leave for you do not want to pay I'm going to find out who you own.' Other things was said by her and Sgt Reed and 2 officers made statements after about [illegible] I was place in the hospital where I was keep in the dark for the 2 to 11 days with out no shower cloths phone.

(*Id.*)

Plaintiff further states,

> while I was in the hospital room in the dark . . . I received the MBR for fighting . . . violent conduct . . . and refusing direct order . . . written by CO Atkins and the MRB from CO Wilson endorsement by Demelo who I spoke to on rounds for weapon . . . and contraband . . . which I was found not guilty for and her bodycam will have been the best for she recorded all.

(*Id.* at 7.)

During Plaintiff's disciplinary hearing,

> the Hearing Officer Lt. Jordan on 1/14/24 called Atkins to the hearing . . . and he lied on tape . . . the false MBR to cover up the fact that he assaulted me with the spray. . . . Then H.O. dismissed the whole MBR because the bodycams of

4

> defendants showed that I never throw no punch and just held my other attacker. . . . I told Lt Jordan that I wanted this hearing tape and body cams' videos held[.] . . . I wrote DSS Sherman for the bodycam videos for court and I wrote disciplinary officer for the hearing tape . . . to Lt Jordan . . . and he told me 'don't write him about staff putting a weapon in my cell write OSI.' DSS Sherman was doing the hearing in violation of Dir. 493.2 when he read into record that he was part of the investigation as he was contact Moreso[.] [H]e found me not guilty of 113.23 contraband and gave me [illegible] and 52 days SHU, loss packages, phone and commissary which was wrong and in violation as I willing call officer over to let them know that I found a weapon in my cell from whoever robbed my cell dropped it or a officer put it there for me to do something to the boys that I had issues with that they want to get rid of.

(*Id.* at 7-8.) Plaintiff asserts that "H.O. knew I willing [to] give it up so they mean I was being penalized for doing the right thing." (*Id.* at 8.)

Plaintiff's claims against Officer Rodriguez, the Director of the Special Housing Unit ("SHU"), concern Rodriguez's "giving me the 8 days prehearing and 32 days everything I had 52 days on 2/14/24 which I never received onto 2/20/24 or 2/21/24 after I wrote him again on 2/19/24 . . . knowing only modified when he should of dismissed for the violation of Halt Law, Dir 4932, and SHU Exclusion Law." (*Id.*) Moreover, Rodriguez

> allow[ed] DSS Sherman disposition to stand when he was [illegible] of the incident defendant Lt. Jordan, ORC Hutchins A/DSS Barlow and Acting Superintendent Jane Doe 1 or John Doe 2 on 1/25/24 that rubber stamped the 2170 form special housing unit custody review they sign that form saying 'Is to prevent Evans from smuggling any further contraband or dangerous weapons into the facility.'

(*Id.*)

## DISCUSSION

**A.   Order of Service on Officer Atkins, Bell, Reed, Wilson, Demelo, Jordan, Rodriguez, and Sherman**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[3] *Walker v. Schult*, 717 F.3d. 119, 123 n.6

---

[3]Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a

5

(2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on Defendants Atkins, Bell, Reed, Wilson, Demelo, Jordan, Rodrigeuz, and Sherman through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for these Defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these Defendants.

If the complaint is not served within 90 days after the date the summonses are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

**B.     *Valentin* Order**

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997). In the amended complaint, Plaintiff supplies sufficient information to permit the New York State Department of Corrections and Community Supervision ("DOCCS") to identify John or Jane Doe Defendants 1-3. It is therefore

---

summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have effected service until the Court reviewed the amended complaint and ordered that any summonses be issued. The Court therefore extends the time to serve until 90 days after the date any summonses issue.

ordered that the New York State Attorney General, who is the attorney for and agent of DOCCS, must ascertain the identity and badge number of each John or Jane Doe whom Plaintiff seeks to sue here and the address where the defendant may be served. The Attorney General must provide this information to Plaintiff and the Court within 60 days of the date of this order.

Within 30 days of receiving this information, Plaintiff must file a second amended complaint naming the John Doe defendant(s). The second amended complaint will replace, not supplement, the amended complaint. A second amended complaint form that Plaintiff should complete is attached to this order. Once Plaintiff has filed a second amended complaint, the Court will screen the pleading and, if necessary, issue an order directing the Clerk of Court to complete the USM-285 forms with the addresses for the named John or Jane Doe Defendants and deliver all documents necessary to effect service to the U.S. Marshals Service.

C.   **Order of Dismissal as to Claims Against Hutchins, Barlow, and John Doe 4**

Plaintiff does not state a claim against Defendants Hutchins, Barlow, and John Doe 4 but rather mentions their names when describing Defendant Rodriguez's alleged participation in Plaintiff's misbehavior reports. Plaintiff appears to claim that Hutchins, Barlow, and an Assistant Superintendent, named as John Doe 4, "rubber stamped" a decision in Plaintiff's misbehavior report. (*See* ECF 11, at 8.) This allegation is not sufficient to state a claim against these three defendants. Accordingly, the Court dismisses the claims against Hutchins, Barlow, and John Doe 4 for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, within the Second Circuit, "[a] *pro se* party should be granted leave to amend if 'a liberal reading of the

7

complaint gives any indication that a valid claim might be stated.'" *Janakievski v. Exec. Dir., Rochester Psychiatric Ctr.*, 955 F.3d 314, 320 (2d Cir. 2020) (quoting *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000)). Because Plaintiff may be able to allege additional facts to state a valid claim against these three defendants, the Court grants Plaintiff 60 days' leave to file a second amended complaint to detail his claims. **Should Plaintiff file such an amended pleading, he should include both the claims against these three defendants and the names of the John Doe Defendants in the same pleading.**

In the "Statement of Claim" section of the second amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include all of the information in the second amended complaint that Plaintiff wants the Court to consider in deciding whether the second amended complaint states a claim for relief. That information should include:

1. the names and titles of all relevant people;
2. a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;
3. a description of the injuries Plaintiff suffered; and
4. the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's second amended complaint should tell the Court: who violated his federally protected rights and how; when and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's second amended complaint will completely replace, not supplement, the original and amended complaint, **any facts or claims that Plaintiff wants to include from the original and amended complaint must be repeated in the second amended complaint.**

**Plaintiff's complaint was hard to follow, and if the Amended Complaint is not more clear, one or more claims and one or more Defendants may have to be dismissed.   Plaintiff is urged to spell out specifically, Defendant by Defendant, what he alleges each Defendant did that violated his rights.**

### D.     Local Civil Rule 33.2

Local Civil Rule 33.2, which requires defendants in certain types of prisoner cases to respond to specific, court-ordered discovery requests, applies to this action. Those discovery requests are available on the Court's website under "Forms" and are titled "Plaintiff's Local Civil Rule 33.2 Interrogatories and Requests for Production of Documents." Within 120 days of service of the complaint, Defendants must serve responses to these standard discovery requests. In his responses, Defendants must quote each request verbatim.[4]

### CONCLUSION

The Clerk of Court is instructed to (1) issue a summons for Officer Atkins, Bell, Reed, Wilson, Demelo, Jordan, Rodriguez, and Sherman; (2) complete the USM-285 form with the addresses for these Defendants; and (3) deliver all documents necessary to effect service on these Defendants to the U.S. Marshals Service.

---

[4] If Plaintiff would like copies of these discovery requests before receiving the responses and does not have access to the website, Plaintiff may request them from the Pro Se Intake Unit.

The Clerk of Court is further directed to mail a copy of this order to the New York State Attorney General at: Managing Attorney's Office, 28 Liberty Street, 16th Floor, New York, NY 10005.

The Court dismisses the claims against Defendants Barlow, Hutchins, and John Doe 1 for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). The Clerk of Court is directed to terminate these three Defendants from this action.

The Court grants Plaintiff 60 days' leave to file a second amended complaint. A second amended complaint form is attached. **Should Plaintiff file a second amended complaint, and if he intends to assert claims against Defendants Barlow, Hutchins, and/or John Doe 4, he should include in the amended pleading the claims against these three defendants and the names of the John Doe Defendants.**

Local Civil Rule 33.2 applies to this case.

Finally, the Clerk of Court is directed to mail Plaintiff an information package.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

SO ORDERED.

Dated:   June 24, 2024
         White Plains, New York

_____
CATHY SEIBEL
United States District Judge

**SERVICE ADDRESS FOR DEFENDANT**

1. Correction Officer Atkins
   Sullivan County Correctional Facility
   325 Riverside Drive
   P.O. Box 116
   Fallsburg, NY 12733-0116

2. Sergeant Bell
   Sullivan County Correctional Facility
   325 Riverside Drive
   P.O. Box 116
   Fallsburg, NY 12733-0116

3. Sergeant Reed
   Sullivan County Correctional Facility
   325 Riverside Drive
   P.O. Box 116
   Fallsburg, NY 12733-0116

4. Officer K. Wilson
   Sullivan County Correctional Facility
   325 Riverside Drive
   P.O. Box 116
   Fallsburg, NY 12733-0116

5. Officer Demelo
   Sullivan County Correctional Facility
   325 Riverside Drive
   P.O. Box 116
   Fallsburg, NY 12733-0116

6. Lieutenant Jordan
   Sullivan County Correctional Facility
   325 Riverside Drive
   P.O. Box 116
   Fallsburg, NY 12733-0116

7. A. Rodriguez, Director of Special Housing Unit
   Sullivan County Correctional Facility
   325 Riverside Drive
   P.O. Box 116
   Fallsburg, NY 12733-0116

8.       DSS W. Sherman
          Sullivan County Correctional Facility
          325 Riverside Drive
          P.O. Box 116
          Fallsburg, NY 12733-0116

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

\_\_\_\_\_CV_____

Write the full name of each plaintiff.

(Include case number if one has been assigned)

-against-

**AMENDED COMPLAINT**

(Prisoner)

Do you want a jury trial?
☐ Yes     ☐ No

Write the full name of each defendant. If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section IV.

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

---

Rev. 5/20/16

## I. LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐ Violation of my federal constitutional rights

☐ Other: _____

## II. PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

_____
First Name          Middle Initial          Last Name

_____
State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

_____
Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

_____
Current Place of Detention

_____
Institutional Address

_____
County, City                    State                    Zip Code

## III. PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐ Pretrial detainee
☐ Civilly committed detainee
☐ Immigration detainee
☐ Convicted and sentenced prisoner
☐ Other: _____

**IV.    DEFENDANT INFORMATION**

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

| First Name | Last Name | Shield # |

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |

Defendant 2:

| First Name | Last Name | Shield # |

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |

Defendant 3:

| First Name | Last Name | Shield # |

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |

Defendant 4:

| First Name | Last Name | Shield # |

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |

## V.   STATEMENT OF CLAIM

Place(s) of occurrence:

Date(s) of occurrence:

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

Page 4

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

## VI.   RELIEF

State briefly what money damages or other relief you want the court to order.

## VII.  PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

_____          _____
Dated                                                              Plaintiff's Signature

_____          _____
First Name            Middle Initial              Last Name

_____
Prison Address

_____
County, City                                  State                      Zip Code

Date on which I am delivering this complaint to prison authorities for mailing: _____

Page 6