UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
CLARENCE EVANS,

                              Plaintiff,                    **ORDER**

    - against -                                              No. 24-CV-927 (CS)

C.O. ATKINS, *et al.*,

                              Defendants.
---------------------------------------------------------------x

Seibel, J.

      Before the Court is the motion of Plaintiff Clarence Evans for an extension of time to file his notice of appeal.  (ECF Nos. 73, 74, 75.)

      Under Federal Rule of Appellate Procedure 4(a)(1)(A), a notice of appeal must be filed with the clerk of the district court "within 30 days after entry of the judgment or order appealed from."  The order dismissing Plaintiff's case was entered on August 25, 2025, (ECF No. 69), and the corresponding judgment was entered on August 26, 2025, (ECF No. 70).  Both were promptly mailed to Plaintiff but returned as refused.  (*See* Docket Entries dated Aug. 26, 2025, Aug. 27, 2025, Sept. 19, 2025 and Oct. 10, 2025.)  In addition, my chambers mailed Plaintiff the unreported cases cited in the decision on September 2, 2025.  In a call to my chambers on September 17, 2025, Plaintiff said he refused the packages because he was concerned that personnel at his facility were tampering with the contents.  My chambers re-sent the unreported cases on October 17, 2025.

      Plaintiff's 30 days to appeal ran on September 25, 2025 (30 days after August 26).  But under Federal Rule of Civil Procedure 4(a)(5)(A), the district court may extend the time if "a party so moves no later than 30 days after the time . . . expires" and shows excusable neglect or

good cause. That extra 30 days would have run on October 25, 2025. By letter dated October 6, 2025 and received by the Court on October 10, 2025, Plaintiff requested an extension of time to file. (ECF No. 71.) On October 10, 2025, in an order entered on October 14, the Court found good cause and granted an extension to October 27, 2025. (ECF No. 72.) Under Federal Rule of Appellate Procedure 4(a)(5)(C), the extension cannot exceed the later of 30 days after the prescribed time, which here would have been October 25, or 14 days after the date of entry of the order granting the extension, which here would be October 28.

The instant requests were received by the Court on November 13, 2025. One is dated October 29, (ECF No. 74), and the other is dated November 2, (ECF No. 73). Only the latter contains a Notice of Appeal, which is dated October 29. (ECF No. 73-1; *see* ECF No. 75.) Unfortunately these requests are too late, as the extension was only to October 27 and the Court could not have extended past October 28.

Under Federal Rule of Appellate Procedure 4(a)(6), the Court may reopen the time to appeal for 14 days, but only if Plaintiff did not receive notice of the judgment within 21 days and the motion is filed within 180 days after the judgment is entered or within 14 days of Plaintiff receiving notice, whichever is earlier. Plaintiff here had notice at least as of October 6, the date of his first request for an extension, so Rule 4(a)(6) does not aid him, as it would entitle him to an extension only to October 20.

For the foregoing reasons, the application for an extension of time to file a Notice of Appeal must be denied. The Court is sympathetic to Plaintiff's situation and his *pro se* status, but its hands are tied. The Court has no power to extend to November 2 the time for the filing of Plaintiff's Notice of Appeal. Should Plaintiff wish to appeal from this Order, his Notice of Appeal must be filed with the district court clerk within 30 days after entry of this Order. The

Court grants Plaintiff's application for *in forma pauperis* status on appeal. The Clerk shall terminate ECF No. 75.

**SO ORDERED.**

Dated: November 21, 2025
       White Plains, New York

_____
CATHY SEIBEL, U.S.D.J.